UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 26-20306

Hon. Judith E. Levy

v.

D-1 ZAINAB ALIASGAR HAKIM (a/k/a “Z”)
D-2 AMATULLAH ALIASGAR HAKIM (a/k/a “A”)
D-3 PAIGE ELIZABETH FEYOCK
D-4 AHMET KEREM KORKAYA (a/k/a “Met”)
D-5 JONATHAN HONGRU ZOU
D-6 ALEXANDER MATTHEW SEPULVEDA
D-7 MARIAM MUHAMMED ODEH
D-8 COLIN HUNTER WEGER (a/k/a “Beams”)

Defendants.

---

## United States’ Reply Brief in Support of the Motion for Protective Order

---

Many pages and citations are spent contesting terms of a basic protective order. Ultimately, the question presented is whether deeply private and personal information concerning the victims, third parties,

and other co-defendants can be disseminated to third parties without court restrictions. This information includes highly intimate details as to where individuals and their families live, where they frequent, where they work, what they eat, their medical conditions, and their sexual activity. The defense wishes to share that information with others; the government seeks to protect it. The law is firmly on the side of the government in this discovery matter, and the motion should be granted.

Protective orders—like the one the United States seeks here—are *routinely* and *widely adopted* in criminal prosecutions, especially in cases involving victims and bodies of information that cannot be efficiently redacted. *See Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect."); *United States v. Gonte*, Case No. 20-20380, 2024 WL 3173605, at *1 (E.D. Mich. June 25, 2024) (Edmunds, J.) ("Protective orders are commonly used to ease the burden of discovery and protect confidential information."); *United States v. Torres*, Case No. 20-418, 2020 WL 4500046, at *4 (D.N.J. Aug. 5, 2020)

("Courts around the country have relied on the [Crime Victims' Rights Act] to find good cause for entry of protective orders.").

Further, under the Crime Victims' Rights Act (CVRA), the Court is *required* to protect the privacy of victims. 18 U.S.C. § 3771(a)(8), (b)(1); (ECF No. 118, PageID.569-70, 581-83). Notably, the CVRA is not even cited in the defense response briefs. The defendants instead claim that the victims' privacy and identity is not protected because defendants have *speculated* as to victims' identities and believe that two victims may have *voiced support* for the prosecution. (ECF No. 144, PageID.729-30). Yet the law does not exempt from protection victims whose identity may be known to the defendant or who may support the prosecution.

It is unclear what the defendants mean when they request "reasonable references to victims and witnesses by name." (*Id.*). The protective order limits court filings by requiring the use of the victim's number instead of the victim's name. (ECF No. 118, PageID.581-82). It would also prohibit defendants from publicly releasing the victims' names, who have been the target of a coordinated campaign of intimidation, threats, and attacks. (*Id.* at PageID.482-83). The proposal in no way limits the defendants' ability to investigate or prepare for trial.

Strikingly, at no point in the response briefs does the defense address or even mention the serious concerns about the privacy of *other defendants*. There is no reason why a defendant should be permitted disclose irrelevant and private information to outside third parties, for example, about the health and sex lives of other defendants. The records in this case are replete with sensitive information on the victims, third parties, and co-defendants, and that information must be protected.

The defendants argue that they need to disclose sensitive information to potential witnesses to prepare a defense, (ECF No. 144, PageID.723-24), a concern that was not previously conveyed. The United States does not oppose an accommodation. However, if a witness is given access to sensitive material, it should only be as needed for preparation of a defense in this case; the witness should also be bound by the protective order's disclosure restrictions, including that the sensitive materials remain in the defense team's custody; and the witness should sign the same acknowledgement as the defense team. *See* Exhibit A of Motion, § 3(f). This is in line with accepted practice. *See United States v. Smith*, 985 F. Supp. 2d 506, 544 (S.D.N.Y. 2013) ("This type of procedure

regularly has been used in criminal cases and explicitly approved by courts." (collecting sources)).

The defendants continue to argue that they must disclose information to civil attorneys. Abandoning their prior claim that ethical rules mandated disclosure, the defense now argues that disclosure is required under the Sixth Amendment, without any substantive legal argument. (ECF No. 144, PageID.725). The defendants have full and competent representation in this criminal matter, and the Sixth Amendment does not apply to civil proceedings. *Al-Saka v. Sessions*, 904 F.3d 427, 433 (6th Cir. 2018). Courts *routinely* prohibit discovery disclosures in criminal cases outside the defense team, with no exception for civil attorneys in separate matters. (*See* ECF No. 118, PageID.576 (collecting sources)). This is standard practice for good reason. Once sensitive information is disclosed outside the defense team and falls into the hands of individuals with interests and responsibilities outside this case, there is no effective control over further release and dissemination.

The defense again claims that "publicly filed" documents should be subject to disclosure. (ECF No. 144, PageID.725). To the extent the defense wishes to file any and all sensitive information on the public

docket without sealing protection, that is unjustified. (ECF No. 118, PageID.576-78). Of course, the defense cannot circumvent the protective order by claiming that information is "public" when the defense itself improperly files the information on the public docket. To the extent the defense claims that information properly available on the public docket is subject to the protective order, that is inaccurate. (*Id.*, PageID.573-75).

The defense asserts that they should have unsupervised access to the sensitive discovery materials. (ECF No. 144, PageID.725-29). But this proposed restriction is justified and reasonable. It is a common practice in this district for conspiracy cases involving threats or violence—even when defendants are incarcerated pending trial, which is not true here. (ECF No. 118, PageID.580-81). "Considering the type of crime charged helps assess the possible threats to the safety and privacy of the victim[.]" *United States v. Dixon*, 355 F. Supp. 3d 1, 4 (D.D.C. 2019). It has nothing to do with guilt or innocence, contrary to the defense's assertions. (ECF No. 144, PageID.727). Nowhere in the defense responses do they address the significant risks created by the coordinated threats and attacks on family homes and a Jewish association, nor do they address the continued contacts with co-conspirators. (ECF No. 118, PageID.578-80).

Several assertions in the defense brief are legally incorrect. One defense brief implies that there is a right to disclose discovery materials exchanged between the parties, (ECF No. 144, PageID.721-22), which conflicts with binding precedent and established law. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 36 (1984); (ECF No. 118, PageID.563-64, 572-73). The other defense brief expresses disapproval with the scope of criminal discovery, (ECF No. 143, PageID.710-11), which also conflicts with well-recognized legal standards. (ECF No. 118, PageID.563-64).

Finally, the defendants suggest language about the usage of artificial intelligence (AI), which was not previously discussed with the United States. (ECF No. 144, PageID.731-32). The government does not object to the specific language proposed by the defense. (*Id.*).

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

/s/ *Robert M. Kuhn*
Robert M. Kuhn
Margaret M. Smith
Assistant U.S. Attorneys
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9100
robert.kuhn@usdoj.gov

Dated: August 31, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2026, the foregoing document was electronically filled by an employee of the United States Attorney's Office with the Clerk of the Court using the ECF system, which will electronically serve all ECF participants.