# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

Case No. 26-CR-20306

Hon. Judith E. Levy

v.

D-1 ZAINAB ALIASGAR HAKIM
(a/k/a "Z")
D-2 AMATULLAH ALIASGAR HAKIM
(a/k/a "A")
D-3 PAIGE ELIZABETH FEYOCK
D-4 AHMET KEREM KORKAYA
(a/k/a "Met")
D-5 JONATHAN HONGRU ZOU
D-6 ALEXANDER MATTHEW SEPULVEDA
D-7 MARIAM MUHAMMED ODEH
D-8 COLIN HUNTER WEGER
(a/k/a "Beams")

Defendants.

_________________________________/

## ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

Upon the Motion for Discovery Protective Order filed by the government,



GOVERNMENT EXHIBIT A

IT IS ORDERED that the government's Motion for Discovery Protective Order is GRANTED IN PART AND DENIED IN PART. There is "good cause" under Federal Rule of Criminal Procedure 16(d)(1) for restrictions on the disclosure and use of sensitive discovery materials.

IT IS FURTHER ORDERED that the pretrial disclosure of discovery materials is subject to the following protections:

1. **Materials Subject to this Order.** Except as provided herein, this Order governs only "Sensitive Materials."

2. **Sensitive Materials**. The U.S. Attorney's Office will designate Sensitive Materials, which include: materials containing electronic evidence obtained in this case, including social media accounts, iCloud accounts, email accounts, cell phone extractions; electronic surveillance warrants and their results; financial records; victim and third-party identifying and personal information; and federal search warrants. Sensitive Materials will be watermarked with this identification: "Attorney/Staff Custody Only D# [defendant initials], [attorney's name], [date of protective order]."

3. **Protective Restrictions for Sensitive Materials.** The following protective restrictions apply to Sensitive Materials:

a. The attorneys of record will keep custody of Sensitive Materials and will not make any copy of these materials (including an electronic copy saved to a computer, hard drive, or disc) unless expressly permitted by this Order. The defense team must maintain custody and control of Sensitive Materials (and any copies thereof authorized by this Order). Counsel of record shall be responsible and accountable for maintaining, securing, and storing Sensitive Materials, including all reproductions thereof, and taking all necessary precautions to prevent unauthorized access.

b. Review of Sensitive Materials is limited to the defense team (defined below in Paragraph 4). The defense team is permitted to print and/or make an electronic copy of Sensitive Materials so long as they remain in the

defense team's possession. Any copies must be handled in accordance with this Order.

c. The defendants may have custody of a copy of their own cell phone extraction and iCloud data, to the extent it is in the government's possession. They must first agree to be bound by the terms of this protective order.

d. The defendant can review the extractions or iCloud data taken from other defendants' cell phones only in the presence of the defense team. No member of the defense team other than the defendant will provide a copy of other defendants' cell phone extractions or iCloud data to the defendant. If a defendant views cell phone extractions or iCloud data taken from the phones of other defendants, the defense team other than the defendant shall ensure that the defendant does not copy, photograph, take screenshots, or otherwise reproduce the extractions or data, in whole or in part. The defense team may discuss the cell phone extractions and iCloud

data taken from the phones of other defendants with other members of their defense team and the defendant they represent if it can reasonably be expected to further the investigation of the defendant's case and the preparation of the defense.

e. No Sensitive Materials may be disclosed to any persons other than the defense team without the consent of the parties or further authorization from this Court.

f. Without the consent of the parties or further authorization from this Court, the defense team may use Sensitive Materials solely to prepare a defense in this case, including any sentencing, appeal, or collateral attack, and for no other purpose and in connection with no other proceeding.

g. Defense counsel must provide members of the defense team and the defendant with a copy of this Order before providing them with access to, or permitting them to view, Sensitive Materials. Defense counsel shall advise

the defense team that they may not further disclose any portion of the Sensitive Materials, or any copies, notes, transcripts or documents derived or prepared from Sensitive Materials, except in conformity with this Order. Defense counsel and the defense team must read, sign, and date an acknowledgement of the terms of this Order. A copy of the acknowledgment must be maintained by the defense team until this proceeding and any appeals and other post-conviction litigation conclude.

h. If any of the defendants obtains substitute counsel or elects to represent themselves themself *pro se*, the defense counsel or defense team will not transfer any portion of the Sensitive Materials or any copies, notes, transcripts, or documents from such Sensitive Materials unless and until substitute counsel or the *pro se* defendant reads, signs, and dates an acknowledgement of the terms of this Order. A copy of the acknowledgment

must be maintained by the defense team until this proceeding and any appeals and other post-conviction litigation conclude.

i. Defense counsel will destroy or return to the government the Sensitive Materials and all copies thereof at the conclusion of the trial if the defendants are acquitted on all counts or, in the case of convictions either at trial or by guilty plea, upon completion of any sentencing, appeal, or collateral attack on any convictions made by the defendants in this matter. Nothing in this provision shall impact the attorney-client privilege or work product doctrines, which also prohibit disclosure and impose obligations on defendants' counsel.

j. No party or authorized recipient may input, upload, or submit Sensitive Materials into any public artificial intelligence platform, including any generative, analytical, or large language model-based tool ("AI"),

unless the AI provider is contractually prohibited from: (1) storing or using inputs to train or improve its model; and (2) disclosing inputs to any third party except where such disclosure is essential to facilitating delivery of the service. Where disclosure to a third party is essential to service delivery, any such third party shall be bound by obligations no less protective than those required by this Order. In addition, the AI provider must contractually afford the party or authorized recipient the ability to remove or delete all Sensitive Materials upon request. A party intending to use AI that it contends meets these requirements must retain written documentation of these contractual protections.

4. **Defense Team**: The defense team includes:

a. The defendant, counsel of record for the defendant, and staff members working under the direction of counsel for the purpose of preparing a defense in this case, including associates, paralegals, litigation support

personnel, legal assistants, and administrative and secretarial staff; and

b. Experts, translators, interpreters, consultants, and investigators retained, consulted, or appointed by the defendant or defense counsel for the purpose of preparing a defense in this case.

5. **Defense Witnesses**. Members of the defense team, other than the defendants, may use the Sensitive Materials to question or prepare potential witnesses, including showing the sensitive discovery materials to such witnesses, but shall not allow such witnesses to retain copies of the sensitive discovery materials, except that a copy of an interview report of a certain witness or a grand jury transcript of that witness may be given to the witness who is the subject of the interview or the giver of the testimony. Members of the defense team, prior to disclosing any Sensitive Materials to any other member of the defense team, will inform persons receiving Sensitive Materials of the disclosure limitations of this

stipulation and order. The defendants shall make no disclosure of the Sensitive Materials to anyone who is not a member of the defense team.

6. **Victim and Witness Identification**: In all filings with the Court and during all pre-trial proceedings, all parties shall refer to the victims by their victim number contained in the indictment. The names, identities, and personal identifying information of victims and government witnesses may not be disclosed by the defendant or the defense team outside the defense team.

7. **Amendment of the Order:** Nothing in this Order shall preclude the government or the defendant from seeking a further protective order. In addition, this Order is entered without prejudice to either party's right to seek a revision of this Order by appropriate motion to the Court.

8. **Violations.** Any violation of any term or condition of this Order by a party, counsel, or any member of the defense team may be held in contempt of court, and/or may be subject to

monetary or other sanctions as deemed appropriate by the Court.

SO ORDERED.

______________________________
Honorable Judith E. Levy
United States District Judge

Dated:____________________

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

Case No. 26-20306

Hon. Judith E. Levy

v.

D-1 ZAINAB ALIASGAR HAKIM
(a/k/a "Z")
D-2 AMATULLAH ALIASGAR HAKIM
(a/k/a "A")
D-3 PAIGE ELIZABETH FEYOCK
D-4 AHMET KEREM KORKAYA
(a/k/a "Met")
D-5 JONATHAN HONGRU ZOU
D-6 ALEXANDER MATTHEW SEPULVEDA
D-7 MARIAM MUHAMMED ODEH
D-8 COLIN HUNTER WEGER
(a/k/a "Beams")

Defendants.

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

The parties acknowledge they have each read and understand the contents of the Court's Protective Order (ECF No. ___) and agree to be

bound by its terms.

**FOR THE UNITED STATES:**

JEROME F. GORGON JR.
United States Attorney

______________________________
Margaret M. Smith
Assistant United States Attorney
Margaret.smith@usdoj.gov

______________________________
Robert M. Kuhn
Assistant United States Attorney
Robert.kuhn@usdoj.gov

**FOR THE DEFENDANTS:**

______________________________
Amanda N. Bashi
Counsel for D-1 Zainab Hakim
amanda_bashi@fd.org

______________________________
D-1 Zainab Hakim

______________________________
Natasha Webster
Counsel for D-1 Zainab Hakim
natasha_webster@fd.org

______________________________
William W. Swor
Counsel for D-2 Amatullah Hakim
wwswor@wwnet.net

______________________________
Sara Garber
Counsel for D-1 Zainab Hakim
sara_garber@fd.org

______________________________
D-2 Amatullah Hakim

______________________________
Molly Armour
Counsel for D-3 Paige Feyock
armourdefender@gmail.com

______________________________
D-3 Paige Feyock

______________________________
Sanford Plotkin
Counsel for D-3 Paige Feyock
sanfordplotkin@gmail.com

______________________________
Jamil K. Khuja
Counsel for D-4 Ahmet Korkaya
khujalaw@gmail.com

______________________________
Jonathan Sidney
Counsel for D-3 Paige Feyock
jsidney@climatedefense
project.org

______________________________
D-4 Ahmet Korkaya

______________________________
Arthur J. Weiss
Counsel for D-5 Jonathan Zou
arthurweiss@ajweisslaw.com

______________________________
James C. Thomas
Counsel for D-7 Mariam Odeh
jthomas@orlaw.com

______________________________
John Shea
Counsel for D-5 Jonathan Zou
jashea@earthlink.net

______________________________
Michael C. Naughton
Counsel for D-7 Mariam Odeh
mike@northcoastlegal.com

______________________________
D-5 Jonathan Zou

______________________________
D-7 Mariam Odeh

______________________________
Ebony L. Ellis
Counsel for D-6 Alexander Sepulveda
ebony.ellis@acrawfordlaw.com

______________________________
Brad Thomson
Counsel for D-8 Colin Weger
brad@peopleslawoffice.com

______________________________
D-6 Alexander Sepulveda

______________________________
Joshua G. Herman,
Counsel for D-8 Colin Weger
jherman@joshhermanlaw.com

______________________________
James Gerometta
Counsel for D-8 Colin Weger
jgerometta@miethicslaw.com

______________________________
Tayleece Paul
Counsel for D-8 Colin Weger
tayleece@peopleslawoffice.com

______________________________
D-8 Colin Weger